JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



HARRICO REALTY CORP.,

                 Plaintiff,

  - against -

AMGUARD INSURANCE COMPANY,

                Defendant.

ECF Case

NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant AmGuard Insurance Company ("AmGuard") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, Bronx County, where the action is now pending under Index No. 22680/2013, and states:

      1.      On or about July 26, 2013, Plaintiff Harrico Realty Corp. ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Bronx County by filing a summons and verified complaint (the "Complaint"), and the action is now pending in that court.

      2.      On August 7, 2013, the Complaint was served upon the New York State Department of Financial Services.

      3.      This action is a civil action to recover for alleged property damages under an insurance policy and the United States District Court for the Southern District of New York has jurisdiction by reason of the parties' diversity of citizenship.

      4.      Upon information and belief, Plaintiff is now, and at the time the action was commenced, a citizen of the State of New York. Plaintiff is a corporation organized,

formed, and incorporated under the laws of the State of New York with a principal place of business located at 1412 Jerome Avenue, Bronx, New York 10452.

5.     Defendant AmGuard is now, and at the time the action was commenced, a citizen of the State of Pennsylvania.   AmGuard is a foreign corporation organized, formed and incorporated under the laws of Pennsylvania with its principal place of business located at 16 South River Street, Wilkes-Barre, Pennsylvania 18702.

6.     The amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

7.     No change of citizenship of the parties has occurred since the commencement of the action.

8.     Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9.     A copy of all process, pleadings and orders served upon AmGuard is attached hereto as Exhibit "A" and filed with this notice.

10.     This Notice of Removal is being filed within thirty (30) days after receipt by AmGuard of the initial pleading setting forth the claim for relief upon which the action is based and is timely pursuant to 28 U.S.C. § 1446(b).

11.     Promptly after the filing of this Notice of Removal, AmGuard will give written notice thereof to Plaintiff's attorney of record and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Nassau County, thereby effecting removal of the Action pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, since all of the prerequisites for diversity jurisdiction are present, AmGuard respectfully requests that this action proceed in the United States District Court for the Southern District of New York as an action properly removed to it.

Dated: New York, New York
September 5, 2013

LAZARE POTTER & GIACOVAS LLP

By: _____
Stephen M. Lazare (SL- 2243)
Andrew Premisler (AP- 0811)
Courtney A. Lanzalotto (CL-0217)
Attorneys    for    Defendant    AmGuard
Insurance Company
875 Third Avenue, 28th Floor
New York, New York 10022
Telephone: (212) 758-9300
Fax: (212) 888-0919
Email: clanzalotto@lpgllp.com

# EXHIBIT
# A

**NEW YORK STATE**
**DEPARTMENT** *of*
**FINANCIAL SERVICES**

| | |
|---|---|
| Andrew M. Cuomo | Benjamin M. Lawsky |
| Governor | Superintendent |

STATE OF NEW YORK

Supreme Court, County of BRONX

22680/2013E

Harrico Realty Corp.                                    Plaintiff(s)

against

AmGUARD Insurance Company                              Defendant(s)

RE :AmGUARD Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on August 07, 2013 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

    Greenblatt & Agulnick, P.C.
    Scott E. Agulnick, Esq.
    55 Northern Blvd
    Suite 302
    Great Neck, New York 11021

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

    Mike Dulin
    AmGUARD Insurance Company
    16 South River Street
    Wilkes-Barre, Pennsylvania 18703

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, August 09, 2013
532812

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF <u>BRONX</u>

------------------------------------------------------x

HARRICO REALTY CORP.,

         Plaintiff(s)/Petitioner(s),        Index No. <u>22680/2013E</u>

      - against -

AMGUARD INSURANCE COMPANY,

         Defendant(s)/Respondent(s).

------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### <u>SUPREME COURT CASES</u>

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: July 31, 2013

_____ (Signature)          (718) 352-4800 _____ (Phone)

SCOTT E. AGULNICK, ESQ. (Name)               (718) 732-2110 _____ (Fax)

Greenblatt & Agulnick, P.C. (Firm)            sea@galawoffices.com (E-mail)

55 Northern Blvd., Suite 302 (Address)

Great Neck, NY 11021

Attorney(s) for Plaintiff _____

2/11/13

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X   Index No. 22680/2013E

HARRICO REALTY CORP.,

                                        Plaintiff(s),        Date Filed: 7/26/13

                        -against-                           **SUMMONS**

AMGUARD INSURANCE COMPANY,
                                                            Plaintiff(s) designate
                                                            BRONX County. The basis
                                        Defendant(s).        of the venue designated is
----------------------------------------------------------------X   plaintiff(s) address.

                                                            Plaintiff(s) address:
                                                            1850-1860-1862-1872
                                                            Jerome Avenue
                                                            Bronx, New York 10453

**TO THE ABOVE-NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff(s)' attorney an answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated:        Great Neck, New York
              July 24, 2013

                    Yours, etc.

                    GREENBLATT & AGULNICK, P.C.,

                    By: _____
                         Scott E. Agulnick, Esq.
                  Attorney for Plaintiff(s)
                  HARRICO REALTY CORP.
                  55 Northern Blvd., Suite 302
                  Great Neck, New York
                  Tel: (718) 352- 4800

Fax: (718) 732- 2110

Defendant's Address:

AMGUARD INSURANCE COMPANY
16 South River Street
Wilkes-Barre, PA 18702

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
HARRICO REALTY CORP.,

                              Plaintiff(s),              Index No.

                -against-                  **VERIFIED COMPLAINT**

AMGUARD INSURANCE COMPANY,

                              Defendant(s).
-------------------------------------------------------------------X

        Plaintiff(s), **HARRICO RELATY CORP.**, by their attorneys, **GREENBLATT & AGULNICK, P.C.**, for their Verified Complaint against the Defendant, alleges as follows:

        1.     Plaintiff HARRICO REALTY CORP., is a domestic limited liability company duly formed under the laws of the State of New York with its principle offices located at 1850-1860-1862-1872 Jerome Avenue, in the County of Bronx and State of New York.

        2.     That defendant AMGUARD INSURANCE COMPANY (hereinafter "AMGUARD" or "Insurance Company") is a foreign corporation with its principle offices located at 16 South River Street, Wilkes-Barre, Pennsylvania 18702.

        3.     Insurance Company, its subsidiary, broker and/or agent is an insurance company licensed, admitted, engaging in, and/or authorized to engage in the business of liability and casualty insurance throughout the world, including within the State of New York, with offices for the transaction of business located within the State of New York.

4.     At all times hereinafter alleged, Plaintiff owned and/or had an insurable interest the real property commonly referred to as 1850-1860-1862-1872 Jerome Avenue (the "Property"), in the County of Bronx, in the City and State of New York.

5.     At all times hereinafter alleged, Plaintiff owned and/or had an insurable interest in the building, contents, fixtures, furniture, completed additions, and/or completed operations located at 1850-1860-1862-1872 Jerome Avenue, in the County of Bronx, in the City and State of New York.

6.     On or about September 21, 2010, Insurance Company, its subsidiary, and or agent for good and valuable consideration and a premium paid, reissued to Plaintiff a commercial insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number HABP100559 (the "Policy"), whereby it insured the Property against all risks of loss in the limits contained therein, including, *inter alia*, water escaping from a pipe and/or water main break.  The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent.

7.     The Defendant, its subsidiary, and/or agent, during the policy term, agreed to indemnify the Plaintiff against loss or damage sustained by, *inter alia*, water escaping from a pipe and/or water main break.  A copy of the Declaration Sheet is annexed hereto as EXHIBIT A and incorporated by reference herein.

8.     On or about or around July 27, 2011, while the insurance policy was in full force and effect, water escaping from a pipe and/or water main break occurred near the property. During said loss, a major water main broke and/or bursted causing flooding and enter into the interior of the subject building, which resulted in damage to the building structure, fixtures, contents and loss of rent.

9.     By reason of the above-mentioned occurrence, the Plaintiff has sustained a covered loss in an amount to be determined at trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00).

10.    The Plaintiff notified the Defendant Insurance Company, its subsidiary, and/or agent of the aforementioned occurrence at the aforementioned property and of the loss sustained thereby.

11.    The Plaintiff has submitted to the Defendant's request for a complete examination of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

12.    That Plaintiff has satisfied all conditions precedent to the instant suit.

13.    At all times mentioned, the Plaintiff has not obtained any other insurance upon the described property.

14.    By reason of Insurance Company's contractual undertaking to Plaintiff pursuant to the Policy, to properly evaluate and pay claims thereunder to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Insurance Company owed and continues to owe Plaintiff the duties of good faith and fair dealing in connection with the parties' contractual relationship.

15.    In accordance with the aforesaid duties of good faith and fair dealing, Insurance Company was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiff's rights deriving from their contractual relationship with Insurance Company under the Policy.

16.    By failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy, despite legal precedent, statutory authority, and/or

contractual obligations, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff.

17.     Furthermore, Insurance Company, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

18.     The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives and conduct by insurers, their agents and representatives; deviating from the following is deemed unfair claim settlement practice thereunder:

(a) Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

(b) Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

(c) Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

(d) Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

19.     Plaintiff has duly demanded payment of its loss under the Policy and has submitted the supporting proofs of loss, to the extent that same was demanded.

20.     The aforesaid actions have not only caused injury to Plaintiff, but have the potential to harm the public at large.

21.     Insurance Company's actions toward Plaintiff are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then

subsequently take the position that, under its latest interpretation, there is no coverage, effectively denying or hindering the processing of legitimate claims.

22.    Insurance Company regularly denies otherwise legitimate claims setting forth frivolous grounds for the denial, contrary to fact, common sense, and causation.

23.    Insurance Company's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation.

24.    The Defendant has failed to and/or refused to indemnify the Plaintiff for its total loss in an amount to be determined at trial but believed to be excess of two fifty thousand dollars ($250,000.00), although a demand has been made.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

25.    Plaintiff repeats and re-alleges all paragraphs and allegations set forth in this complaint as if fully and completely set forth herein.

26.    By, *inter alia*, failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss, Insurance Company has breached its obligation under the Policy with regard to the loss caused by water escaping from a pipe and/or water main break at the property.

27.    As a result of Insurance Company's breach, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of two fifty thousand dollars ($250,000.00), plus appropriate interest.

28.    As a further result of Insurance Company's breach, Plaintiff has suffered additional consequential damages directly resulting from the Insurance Company's breach in the amount of fifty thousand dollars ($50,000.00).

**WHEREFORE**, Plaintiff HARRCIO REALTY CORP., demands judgment against Insurance Company as follows:

a.      Under the FIRST Cause of Action, damages in an amount to be determined at trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00), plus appropriate interest, plus consequential damages directly resulting from Insurance Company's breach in the amount of fifty thousand dollars ($50,000.00).

b.      Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:         Great Neck, New York
               July 24, 2013

                              Yours, etc.,

                              GREENBLATT & AGULNICK, P.C.

                              By: _____
                                   Scott E. Agulnick
                              Attorney for Plaintiff(s)
                              HARRICO REALTY CORP.
                              55 Northern Blvd., Suite 302
                              Great Neck, New York
                              Tel:  (718) 352- 4800
                              Fax: (718) 732- 2110

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I have read the foregoing SUMMONS and VERIFIED COMPLAINT and, upon information and belief, believe the contents thereof to be true.  The basis of my belief is a review of the file maintained in my office.  The reason I make this verification is because my client does not reside within the county in which I maintain my office.

Dated:  Great Neck, New York
         July 24, 2013

SCOTT E. AGULNICK, ESQ.

EXHIBIT A



**BUSINESSOWNERS POLICY
DECLARATIONS**

Issue Dated: 09/28/2010

**AmGUARD Insurance Company - A Stock Company**

**Policy No.:** HABP100559        **Renewal of:** NEW

## POLICY INFORMATION PAGE

**[1] Named Insured and Mailing Addresss**

Harrico Realty Corp.
18 Lizensk Blvd #101
c/o JB
Monroe, NY 10950

**[2] Agency**

M & D BROKERAGE INC
22 HAYES CT #202
Monroe, NY 10950

**[3] Policy Period**

From   09/21/2010   to   09/21/2011 , at 12:01 A.M., EST at the insured's mailing address.

**[4] Description of Business**    Commercial LRO building occupied by hardware store

**[5] Coverage**

This policy consists of the Coverage Forms listed on the **Schedule of Forms and Endorsements (END SCHD)**.

**[6] Premium**

This premium shown below may be subject to adjustment.

| | |
|---|---:|
| Terrorism - Certified Acts | Excluded |
| TOTAL POLICY PREMIUM | $4,500.00 |
| NY Fire Insurance Fee: | $28.13 |
| **TOTAL PAYABLE:** | $4,528.13 |

**[7] Payment of Premium**

In return for payment of your premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.



**GUARD
INSURANCE
GROUP**

*Your Business Is Our Business* sm

16 South River Street    P.O. Box A-H   Wilkes-Barre, PA   18703-0020    www.guard.com

**BUSINESSOWNERS POLICY
DECLARATIONS**

Issue Dated: 09/28/2010

---

**Policy No.:** HABP100559                                    **Effective Date:** 09/21/2010

---

## SECTION I - PROPERTY COVERAGES AND LIMITS OF INSURANCE

LOCATION:001 BUILDING:001   CONSTRUCTION:Fire Resistive
1850-1860 & 1862-1872
Jerome Ave
Bronx, Bronx, NY 10452
Location Property Deductible: $2,500
Optional Coverages/Glass Deductible: $500

---

**Mandatory Coverages**

Building
    Limit of Insurance                          $2,920,259
    Valuation                            Replacement Cost
    Coverage Includes:
        Automatic Increase - Building limit applies up to 2% per year

---

**Optional Coverages**

Money And Securities                     $10,000/$10,000

Water Back-up And Sump Overflow -- see Endorsement

IIT DS 01 05                          Original                     **Page 2 of 5**

**BUSINESSOWNERS POLICY DECLARATIONS**

Issue Dated: 09/28/2010

**Policy No.:** HABP100559

**Effective Date:** 09/21/2010

## SECTION II - LIABILITY COVERAGES AND LIMITS OF INSURANCE

Each paid claim for the following coverages reduces the amount of insurance we provide during the applicable annual period. Please refer to Section II - Liability in the Businessowners Coverage Form and any attached endorsements.

| Coverage | Limits of Insurance |
|---|---|
| Liability and Medical Expenses - Each Occurrence | $1,000,000 |
| General Aggregate (other than Products/Completed Operations) | $2,000,000 |
| Products/Completed Operations Aggregate | $2,000,000 |
| Medical Expenses (Per Person) | $5,000 |
| Liability Property Damage Deductible | None |

IIT DS 01 05                                Original                          Page 3 of 5

**BUSINESSOWNERS POLICY
DECLARATIONS**

Issue Dated: 09/28/2010

**Policy No.:** HABP100559                  **Effective Date:** 09/21/2010

| Classification | Class Code | Rate |
|---|---|---|
| Location Number:001 | | |
| Building Number:001 | | |
| Hardware and Tools, Stores | 52520 | Included |

Damage to Premises Rented to You
   Limit:    $50,000

IIT DS 01 05                              Original                          **Page 4 of 5**

# SCHEDULE OF FORMS AND ENDORSEMENTS

| POLICY NUMBER: | EFFECTIVE DATE: |
|---|---|
| HABP100559 | 09/21/2010 |

| NUMBER | TITLE |
|---|---|
| IIT DS (01-05) | Businessowners Policy Declarations |
| BP 00 03 (01-06) | Businessowners Coverage Form |
| BP IN 01 (01-06) | Businessowners Coverage Form Index |
| BP 99 NY (06-09) | NY Policy Customizations |
| BP 01 15 (04-09) | New York Changes |
| BP 04 09 (01-06) | Additional Insured - Mortgagee, Assignee Or Receiver |
| BP 04 17 (07-02) | Employment - Related Practices Exclusion |
| BP 04 53 (08-08) | Water Back-up And Sump Overflow |
| BP 05 24 (01-08) | Exclusion Of Certified Acts Of Terrorism |
| BP 05 41 (06-08) | Exclusion Of Certified Acts Of Terrorism And Exclusion Of Other Acts Of Terrorism Committed Outside The United States |
| BP 99 04 (01-10) | Equipment Breakdown Coverage |
| BP 06 04 (03-08) | New York - Exclusion Of Loss Due To Virus Or Bacteria |



# NYSCEF - Bronx County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases.  The NYSCEF site has received your electronically filed document(s) for:

**HARRICO REALTY CORP. - v. - AMGUARD INSURANCE COMPANY**

**Index Number NOT assigned**

## Documents Received

| Doc # | Document Type | Motion # | Date Received |
|-------|---------------|----------|---------------|
| 1 | SUMMONS + COMPLAINT | | 07/26/2013 09:48 AM |

## Filing User

| | | | |
|---|---|---|---|
| Name: | **SCOTT E AGULNICK** | | |
| Phone | **718-352-4800** | E-mail Address: | **sea@galawoffices.com** |
| Fax #: | | Work Address: | **55 Northern Boulevard Suite 302 Great Neck, NY 11021** |

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 07/26/2013 09:48 AM :

**AGULNICK, SCOTT E - sea@galawoffices.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

---

**E-mail:** EFile@nycourts.gov     **Phone:** (646) 386-3033     **Fax:** (212) 401-9146     **website:** www.nycourts.gov/efile

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

HARRICO REALTY CORP.,

Plaintiff(s),

-against-

AMGUARD INSURANCE COMPANY,

Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

### GREENBLATT & AGULNICK, P.C.
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
55 Northern Blvd., Ste. 302
Great Neck, New York 11021
Tel:   (718) 352- 4800
Fax:   (718) 732- 2110

## "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:

Attorney(s) for DEFENDANT(S)

### Certification pursuant to 22 NYCRR 130-1.1(a)

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

7/24/13

Dated

SCOTT E. AGULNICK, ESQ.

Service of a copy of the within _____ is hereby **admitted**

...............................................................................

Attorney(s) for